UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONALD J. WHITE,

    Petitioner,

-vs-                                              Case No.  8:04-cv-2651-T-30TGW

JAMES V. CROSBY, JR.,

    Respondent.
_____/

## ORDER

Petitioner, an inmate of the Florida penal system proceeding *pro se,* initiated this action by filing a Petition for Writ of Habeas Corpus (hereinafter "petition") pursuant to 28 U.S.C. § 2254 (Dkt. 1).  Petitioner is challenging his convictions in 1997 for escape while transporting, and obstructing or opposing an officer without violence entered by the Thirteenth Judicial Circuit Court, Hillsborough County, Florida.  Respondent has filed a response to the petition (Dkt. 18), and Petitioner has filed a reply thereto (Dkt. 34). The matter is now before the Court for consideration on the merits. An evidentiary hearing is not required for the disposition of this matter. Rules Governing Section 2254 Cases 8(a) (2007).

**Background**

On September 17, 1997, Petitioner was charged by supersedes information with escape while transporting, and obstructing or opposing an officer with violence  (Resp., Ex. 1, Vol. I at 15-18).  On October 20, 1997, a jury found Petitioner guilty of escape while transporting, as

charged, and of the lesser included offense of obstructing or opposing an officer without violence (Resp., Ex. 1, Vol. I at 52). On October 21, 1997, the state trial court sentenced Petitioner as an habitual felony offender to thirty years in prison (Resp., Ex. 1, Vol. I at 167-172).

Petitioner appealed his convictions (Resp., Ex. 1, Vol. I at 175-176). Petitioner, through appointed counsel, filed a brief raising two issues: 1) whether the trial court erred in allowing testimony during a jury view of the crime scene; and 2) whether the trial court erred in failing to have the Petitioner evaluated to determine his competency to stand trial (Resp., Ex. 2). Petitioner's counsel then filed a supplemental brief which added the issue of whether the trial court erred in sentencing the Petitioner as the sentence imposed was a presumed vindictive sentence when the trial court had involved itself in plea negotiations (Resp., Ex. 3). On January 21, 2000, the appellate court affirmed the convictions per curiam (Resp., Ex. 5); *see White v. State*, 754 So.2d 41 (Fla. 2nd DCA 2000)[table].

On September 9, 2000, Petitioner filed an application for state post-conviction relief pursuant to Fla. R. Crim. P. 3.850 (Resp., Ex. 6). On July 29, 2003, the state post-conviction court denied Petitioner's 3.850 motion following an evidentiary hearing (Resp., Ex. 7). Petitioner appealed the denial of his 3.850 motion (Resp., Ex. 8, Vol. II at 237-238). On June 4, 2004, the appellate court per curiam affirmed the denial of Petitioner's 3.850 motion (Resp., Ex. 11); *see White v. State*, 2004 Fla. App. LEXIS 7958 (Fla. 2nd DCA June 4, 2004). The appellate court issued its mandate on August 16, 2004 (Resp., Ex. 14).

Petitioner filed a timely petition for federal habeas relief on December 5, 2004,[1] raising three claims for relief:

1. He was denied due process when the trial court denied his counsel's motion to appoint an expert to evaluate his competency to stand trial;

2. He was denied effective assistance of counsel when his trial counsel failed to investigate and present an insanity defense at trial; and

3. He was denied effective assistance of counsel when his trial counsel raised an invalid defense at trial, i.e., that Petitioner was not guilty of the charge of escape because he never actually made it out of the place where he was confined.

In response, Respondent acknowledges that the petition is timely, but asserts that Petitioner fails to meet the threshold requirements for relief under § 2254(d) and (e), and that Ground One is procedurally barred. Having carefully reviewed the record, applicable statutes, and controlling case law, and being duly apprised of the arguments presented by the parties, for reasons set forth *infra*, the Court agrees that Petitioner is not entitled to habeas relief.

**Standard of Review**

Pursuant to 28 U.S.C. § 2254(a), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted and effective on April 24, 1996, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Where a state court

---

[1]Although the Court received Petitioner's petition on December 8, 2004, a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States,* 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn,* 993 F.2d 776, 780 (11th Cir. 1993). Petitioner executed his petition on December 5, 2004 (Dkt. 1 at 29).

initially considers the issues raised in the petition and enters a decision on the merits, 28 U.S.C. § 2254(d) governs the review of those claims. *See Penry v. Johnson,* 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003).

Habeas relief may not be granted with respect to a claim adjudicated on the merits in a state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *Price v. Vincent*, 538 U.S. 634, 638-39 (2003); *Clark v. Crosby*, 335 F.3d 1303, 1308 (11th Cir. 2003). Even where a state court denies an application for post-conviction relief without written opinion, in this circuit that decision is entitled to the same deference as if the state court had entered written findings to support its decision. *See Wright v. Sec. of Dep't of Corrs.*, 278 F.3d 1245, 1255 (11th Cir. 2002). "[A] state court's decision is not 'contrary to . . . clearly established Federal law' simply because the court did not cite [Supreme Court] opinions. . . . [A] state court need not even be aware of [Supreme Court] precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003) (quoting *Early v. Packer,* 537 U.S. 3, 7-8 (2002)). Finally, a state court's factual finding is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

**Ineffective Assistance of Counsel Standard**

To prevail on a claim of ineffective assistance of counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland's* two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component. Further, if a state court has already rejected an ineffective-assistance claim, a federal court may grant habeas relief only if the decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C.§2254(d)(1); *Yarborough v. Gentry*, 540 U.S. 1, 4 (2003).

## Discussion

Since Petitioner's convictions were entered after AEDPA was enacted, his petition is subject to the provisions thereof. Because a state court initially considered the claims raised by Petitioner, § 2254(d) governs the review of his claims. *See Mobley v. Head*, 267 F.3d 1312, 1316 (11th Cir. 2001).

**Ground One**

In Ground One[2] of his petition, Petitioner claims that the state trial court denied him due process when it denied his counsel's motion to appoint an expert to evaluate his competency to stand trial. Petitioner asserts that in support of the motion to appoint an expert, his counsel informed the court that one month prior to the date of the motion Petitioner intentionally overdosed on medication and was hospitalized and placed on suicide watch, and that for approximately six days prior to the motion Petitioner had nothing to eat or drink, and counsel expressed concern that Petitioner's actions would impair his ability to assist counsel with his defense. Petitioner argues that "sufficient information was presented to the trial court to give rise to a real and serious doubt that he was competent to proceed to trial..." (Dkt. 1 at 7).

The Due Process Clause of the Fourteenth Amendment prohibits states from trying and convicting mentally incompetent defendants. *James v. Singletary*, 957 F.2d 1562, 1569-70 (11th Cir. 1992)(citing *Pate v. Robinson*, 383 U.S. 375, 384-86 (1966); *Dusky v. United States*, 362 U.S. 402 (1960)). Under *Dusky*, the standard for mental competency to stand trial is "whether

---

[2]Respondent argues that Ground One is procedurally barred because Petitioner failed to argue the federal dimension of his claim in state court. Having reviewed Petitioner's appellate brief, this Court disagrees. While Petitioner did not state that he was relying on federal law to support his claim in his appellate brief, Petitioner did cite *Hill v. State*, 473 So. 2d 1253 (Fla. 1985), which relied on the holdings in *Bishop v. United States*, 350 U.S. 961, 100 L. Ed. 835, 76 S. Ct. 440 (1956); *Dusky v. United States*, 362 U.S. 402, 80 S. Ct. 788, 4 L. Ed. 2d 824 (1960); *Pate v. Robinson*, 383 U.S. 375, 86 S. Ct. 836, 15 L. Ed. 2d 815 (1966); and *Drope v. Missouri*, 420 U.S. 162, 95 S. Ct. 896, 43 L. Ed. 2d 103 (1975) (establishing principles of law regarding the issue of a defendant's competency to stand trial). As clarified recently in *Baldwin v. Reese,* a decision focusing upon the requirement that a petitioner for federal habeas relief "fairly present" his claims in state court, the United States Supreme Court held that "[a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds." 541 U.S. 27, 32, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004).

[a defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding -- and whether he has a rational as well as factual understanding of the proceedings against him." 362 U.S. at 402 (internal quotation marks omitted).

In *Medina v. Singletary*, 59 F.3d 1095 (11th Cir. 1995), the Eleventh Circuit stated:

> A petitioner may make a procedural competency claim by alleging that the trial court failed to hold a competency hearing after the defendant's mental competence was put at issue. *Pate*, 383 U.S. at 385, 86 S. Ct. at 842. To prevail on the procedural claim, "a petitioner must establish that the state trial judge ignored facts raising a "bona fide doubt' regarding the petitioner's competency to stand trial." *James*, 957 F.2d at 1572 n. 15 (citing *Fallada v. Dugger*, 819 F.2d 1564, 1568 (11th Cir.1987)). Even if a defendant is mentally competent at the beginning of his trial, the trial court must continually be alert for changes which would suggest that he is no longer competent. *Drope v. Missouri*, 420 U.S. 162, 180, 95 S. Ct. 896, 908, 43 L. Ed. 2d 103 (1975). Although there are "no fixed or immutable signs which invariably indicate the need for further inquiry to determine fitness to proceed," "evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial are all relevant." *Id.* *Pate* established "a rebuttable presumption of incompetency upon a showing by a habeas petitioner that the state trial court failed to hold a competency hearing … despite information raising a bona fide doubt as to the petitioner's competency," *James*, 957 F.2d at 1570, but the petitioner bears the burden of showing that "objective facts known to the trial court were sufficient to raise a bona fide doubt," *Reese v. Wainwright*, 600 F.2d 1085, 1091 (5th Cir.), *cert. denied*, 444 U.S. 983, 100 S. Ct. 487, 62 L. Ed. 2d 410 (1979).

*Id.*, 59 F.3d at 1106.

Petitioner is raising a procedural competency claim by alleging that the trial court failed to hold a competency hearing after the defendant's mental competence was put at issue. "Due process requires that an adequate hearing be held on competency when the evidence raises a 'bona fide doubt' as to defendant's competency to stand trial." *Sheley v. Singletary*, 955 F.2d 1434, 1438 (11th Cir. 1992)(quoting *Fallada*, 819 F.2d at 1568). Petitioner fails to meet his

burden of showing that there were objective facts known to the trial court which raised a bona fide doubt regarding his competency to stand trial.

At trial Petitioner's counsel orally moved the trial court to have "an evaluation by competent physicians into [Petitioner's] state of mind[.]" (Resp., Ex. 1, Vol. II at 106). In support of the motion counsel informed the trial court that approximately one month earlier Petitioner intentionally overdosed on medication while he was in custody, and that he had been on a fast for almost a week which gave counsel concern that Petitioner's ability to assist in his defense would be impaired (Id. at 105-107).

Courts generally consider three factors when determining the need for a competency hearing: (1) evidence of the defendant's irrational behavior; (2) the defendant's demeanor at trial; and (3) prior medical opinion regarding the defendant's competence to stand trial. *Drope*, 420 U.S. at 180.[3] There is no allegation nor indication in the record that the trial court was aware of a prior medical opinion regarding Petitioner's competence to stand trial. The record reflects that just prior to counsel's request to the court to have Petitioner evaluated, Petitioner answered the court's questions clearly and responsively, apologized for a prior outburst, and acknowledged that he wanted to be present in the courtroom during the trial (Resp., Ex. 1, Vol. II at 103-104). Finally, Petitioner's intentional overdose of medication one month earlier, and his six day fast from food and "anything of substance to drink" did not raise a "bona fide doubt" as to his

---

[3] A trial court may consider an express doubt of competency by the accused's attorney, although such doubt alone generally is not sufficient to trigger a hearing. *See, e.g., Jordan v. Wainwright*, 457 F.2d 338, 339 (5th Cir. 1972).

competency to stand trial. Nothing in the record indicates that the overdose or the fast affected him sufficiently as to raise a doubt of his ability to consult with his lawyers and to have a rational understanding of the proceedings against him. *See Drope*, 420 U.S. at 181 n.16 (noting that a suicide attempt does not always signal incompetency to stand trial). The state trial court judge was in the best position to assess Petitioner and his demeanor during the trial proceedings, and it can be reasonably determined from the state record that objective facts known to the court at the time of trial did not create a *bona fide* doubt as to his competency to proceed. Accordingly, it is objectively reasonable to reject Petitioner's procedural competency claim.

**Ground Two**

In Ground Two of his petition, Petitioner claims trial counsel was ineffective by failing to investigate and present an insanity defense. Petitioner asserts that at the time he ran from the deputy at the courthouse, he was experiencing hallucinations and hearing voices as a result of his drug and alcohol dependency and the discontinuation of the medication he had been taking to counteract his withdrawal symptoms, and he was paranoid that everyone was out to kill him. Petitioner claims he informed counsel that he had a defense to the escape charge because he did not know what he was doing at the time he escaped, and that he had mental and emotional problems his entire life and had a serious drug and alcohol addiction. Petitioner argues that because counsel was aware of this information, counsel should have considered the possibility that Petitioner was insane at the time of the escape, and counsel was ineffective for failing to investigate Petitioner's mental health history and his state of mind at the time of the offense. Finally, he asserts that he was prejudiced by counsel's failure to present an insanity defense

9

because there is a reasonable probability that the jury would have found him not guilty of the charges by reason of insanity.

Petitioner raised this claim in his Rule 3.850 state post-conviction motion (Resp., Ex. 6). After conducting an evidentiary hearing on the claim, the trial court, in denying the ground, said:

> In ground 1a, Defendant claims counsel was ineffective for failing to investigate his mental history and mental state at the time of the offense. In ground 1b, Defendant claims counsel was ineffective for failing to present facts of Defendant's mental history or mental state at the trial and at sentencing. In ground 2, Defendant claims ineffective assistance of counsel due to an actual conflict of interest. Specifically, that counsel wanted Defendant to plead guilty so counsel did not pursue an insanity defense.
>
> Defendant insists that because counsel was so adamant that he plead guilty, counsel never fully developed the only viable trial strategy which was an insanity defense. Defendant argues that due to counsel's ineffectiveness, the jury was deprived of considering his state of mind at the time he attempted to escape from bailiff's custody. Defendant insists that had the jury considered his state of mind, there was a reasonable probability that the outcome of the trial would have been different. To support his argument Defendant indicates that at the time of his attempted escape he was under the influence of "evil voices" and "visions." At the evidentiary hearing, Defendant testified he told trial counsel he had a history of mental problems and was suffering the effects of heroine and cocaine withdrawal on the day he attempted to escape. Defendant indicated he was seeing spirits and ghosts. Defendant also testified he told counsel he had been in several mental hospitals and had tried to kill himself. (See transcript dated April 10, 2003, pp. 4-31, attached).
>
> On the other hand, counsel indicated that he and Defendant never discussed Defendant's prior mental history. Counsel acknowledged he was aware Defendant had been hospitalized, but he testified that Defendant was more concerned about drug treatment in lieu of a prison sentence. When questioned why he didn't present a defense based on Defendant hearing voices, counsel responded: "because that's not what he told me . . . he told me that under no circumstances would he be going back to prison . . . he was not under any circumstances going to go back to prison." Counsel also indicated that co-counsel did attempt to have the trial continued so they could have Defendant evaluated, but the trial court denied the request. (*See* transcript dated April 10, 2003, pp. 37-45, attached).

10

> After considering Defendant's testimony, the entire court file and the record, the Court believes and accepts the testimony of counsel as being true and rejects the testimony of Defendant as untrue and unworthy of belief. *See Moore v. State*, 458 So. 2d 61 (Fla. 3d DCA 1984) (holding that when a defendant gives contrary testimony at an evidentiary hearing, the trial court is privileged to reject the testimony in favor of the conflicting testimony of counsel). Moreover, since the issue of Defendant's competency was raised by co-counsel but denied by the trial court, Defendant fails to satisfy the first prong of *Strickland*. (*See* transcript dated April 10, 2003, pp. 11 - 14). As such, no relief is warranted on grounds 1a, 1b, and 2.
>
> N1 On direct appeal Defendant challenged the trial court's denial of co-counsel's request for a competency hearing. (See judicial acts to be reviewed). The Second District Court of Appeal *per curiam affirmed* the judgment and sentence on February 15, 2000. (See mandate, attached).

(Resp., Ex. 7 at 2-4).

The state court adjudicated Petitioner's claim of ineffective assistance of counsel on the merits, and therefore, there is a qualifying state court decision. *See Wright*, 278 F.3d at 1255-56. First, the trial court recognized that *Strickland* sets forth the standard for reviewing ineffective assistance of counsel claims. (Resp., Ex. 7 at 1, 5). Then, the trial court ruled on the merits. (Resp., Ex. 7 at 2-5). The state appeals court affirmed. (Resp., Ex. 11).

Having found that the state court determination was a qualifying decision, the Court must next consider the "contrary to" and "unreasonable application" components of the statute. " It is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide." *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001), *cert. denied*, 537 U.S. 978 (2002).

The decisions of the trial and appellate courts are entitled to deference under AEDPA. The adjudication of the state trial and appellate courts resulted in decisions that involved a

11

reasonable application of clearly established federal law, as determined by the United States Supreme Court. 28 U.S.C. § 2254(d). Therefore, Petitioner is not entitled to relief on his claim of ineffective assistance of counsel raised in Ground Two of his petition because the state courts' decisions were not contrary to clearly established federal law, were not based on an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

The state trial court's factual findings have not been rebutted by clear and convincing evidence. In fact, upon review of the record of the evidentiary hearing, there is sufficient evidence to support the findings of the trial judge. At the evidentiary hearing counsel testified Petitioner never told him that he had an extensive mental health history, and he completed a social services form in which he indicated that Petitioner had no mental health history, did not have outpatient counseling for emotional problems, and was never hospitalized in a psychiatric unit (Resp., Ex. 8, Vol. I at 121-124, 128). Counsel also testified that Petitioner never told him that at the time he escaped that he was having hallucinations and thought somebody was trying to kill him, but instead Petitioner told him that under no circumstances was he going back to prison, and while he was in court before his arraignment on an attempted burglary charge, he became pre-occupied with the possibility that he may go back to prison, and he decided to make a run for it when he got the chance (Id. at 124-125, 128, 134). Counsel attested that he and Petitioner did discuss a voluntary intoxication defense because of Petitioner's drug use shortly before his arrest, but counsel determined the defense was not likely to be successful because of the time lapse between his arrest and the escape, and because it is a difficult defense to present

(Id. at 133-134). Counsel also stated that Petitioner was very lucid, intelligent, had no difficulty understanding what was going on, and communicated and argued with him (Id. at 134).

Based on the evidence presented in the state court proceeding, the state courts' adjudications finding no ineffective assistance of counsel for failure to assert an insanity defense were decisions that were based on a reasonable determination of the facts and correct application of controlling law.

**Ground Three**

In Ground Three, Petitioner argues he was denied his Constitutional right to the effective assistance of counsel because his trial attorney presented a "legally invalid defense." Specifically, Petitioner claims that the defense counsel presented, that Petitioner was not guilty of escape because he never made it outside of the courthouse building in which he was being held,[4] amounted to a concession of Petitioner's guilt because evidence of an unsuccessful attempt to escape from a lawful place of confinement is sufficient to sustain a conviction for escape.

Petitioner raised this claim as Ground Three in his state Rule 3.850 motion (Resp., Ex. 6). The state post-conviction court denied the claim and stated:

> Regarding ground three, Defendant claims counsel was ineffective because counsel misunderstood the statutory elements of escape. Defendant alleges counsel did not understand that the jury could find Defendant guilty of escape whether he escaped or not. Once counsel told the jury Defendant attempted to escape but was unsuccessful, the jury had no choice but to find Defendant guilty.

---

[4]While in the courthouse, Petitioner fled from the bailiff who was transporting him from the courtroom back to the holding cell, and Petitioner ran down the stairs into a judge's chambers where the bailiff, after struggling with Petitioner, eventually apprehended him (Resp., Ex. 1, Vol. II at 13-17).

> Counsel on the other hand, testified that he was limited in the defenses he could present. He testified that a voluntary intoxication defense was initially discussed, but he did not recommend the defense because of the time lapse between Defendant's arrest and the attempted escape. Counsel indicated that escape is a serious felony charge and Defendant did run. Counsel stated that he and Defendant reviewed Defendant's twenty-one prior felonies and the ramifications of being noticed as an HFO. Because he believed the State could easily prove its case, counsel acknowledged that he "emphatically" recommended Defendant accept the State's offer of twenty (20) years. Counsel told Defendant that if he was convicted of the escape charge, he would receive thirty (30) years Florida State Prison. Further, the escape sentence would run consecutive to Defendant's other sentences as per Florida Statute. However, by accepting the State's twenty (20) year offer, in addition to a shorter sentence, the escape charge would run concurrent with Defendant's other sentences. Defendant rejected the offer.
>
> The Court finds that counsel's defense options were limited. After reviewing the entire record, the Court agrees with counsel that this was not a difficult charge for the State to prove. "Judicial scrutiny of counsel's performance must be highly deferential . . . a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that the challenged action might be considered sound trial strategy." *Strickland*, 466 U. S. 466 U.S. at 689, S. Ct. at 2065 [citations omitted]. Since decisions concerning trial strategy or tactics ultimately rests with counsel, "tactical or strategic decisions of counsel do not justify post conviction relief on the grounds of ineffective assistance of counsel." *Mazard v. State*, 649 So. 2d 255 (Fla. 3d DCA 1995); *see also Medina v. State*, 673 So. 2d 298 (Fla. 1990)(holding that counsel cannot be ineffective for strategic decisions made during a trial). As such, no relief is warranted on this ground.

(Resp., Ex. 7 at 4-5).

Because the state court correctly recognized that *Strickland* governs Petitioner's ineffective assistance of counsel claim, he cannot meet the "contrary to" test in Section 2254(d)(1). Petitioner instead must show that the state court unreasonably applied *Strickland* or unreasonably determined the facts.

The record supports the state court's denial of this claim. Petitioner refused counsel's advice to accept the State's plea offer, and therefore, counsel was obligated to present a defense at trial. This Court agrees with the state court's determination that under the circumstances counsel's defense options were limited. Counsel's trial strategy was to raise a reasonable doubt in the minds of the jury that the State proved the elements of escape that were included in the jury instructions (Resp., Ex. 8, Vol. I at 126). The trial court instructed the jury, in pertinent part, that before it could find Petitioner guilty of escape, the State had to prove beyond a reasonable doubt that Petitioner "escaped or attempted to escape from the custody of Deputy Barry Wright, intending to avoid lawful confinement." (Resp. Ex. 1, Vol. II at 62). During closing arguments Petitioner's counsel argued that there was a lack of evidence establishing that Petitioner was intending to escape lawful confinement. He argued that Petitioner never left the courthouse and merely ran down the stairs to a different floor. He stated that there was no evidence that Petitioner had a plan to escape, and that when the detective talked to him after the incident, he told the detective that he had been afraid, and he was very cooperative with the detective. He argued that the deputies did not believe Petitioner was an escape risk because they did not place leg restraints on him. He also argued that Petitioner was not intending to escape, and instead did something impulsive, because with all the security at the courthouse it would have been essentially impossible to escape. In summary, counsel argued that there was a lack of evidence that Petitioner intended to avoid lawful confinement, and therefore, the State failed to prove Petitioner was guilty of the charge of escape. (Resp., Ex. 1, Vol. II at 50-61). Moreover, counsel successfully argued that the State did not meet its burden of proof that Petitioner was

guilty of the charge of obstructing or opposing an officer with violence, as the jury found Petitioner guilty of the lesser included offense of obstructing or opposing an officer without violence (Resp., Ex. 1, Vol. I at 52).

The inquiry into whether a lawyer has provided effective assistance is an objective one -- a petitioner must establish that no objectively competent lawyer would have taken the action that his lawyer did take. See *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000), *cert. denied*, 531 U.S. 1204 (2001). A trial counsel's strategic or tactical choices in a criminal case, after a thorough investigation of the law and facts relevant to plausible options, "are virtually unchallengeable" in an ineffective assistance of counsel claim. *Strickland*, 466 U.S. at 690. Although ultimately unsuccessful in the sense Petitioner was not acquitted of the escape charge, trial counsel's strategy was reasonable from a constitutional point of view, and therefore, counsel cannot be considered ineffective. *Atkins v. Singletary*, 965 F.2d 952, 960 (11th Cir. 1992).

Petitioner has not met his burden of proving that the state court's determination is an unreasonable application of controlling Supreme Court precedent or an unreasonable determination of the facts.

## Conclusion

For the foregoing reasons, the Court finds that Petitioner is not entitled to federal habeas relief.

ACCORDINGLY, the Court **ORDERS** that:

1.  The Petition for Writ of Habeas Corpus is **DENIED**  (Dkt. 1).

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

  **DONE** and **ORDERED** in Tampa, Florida on February 25, 2008.

           _____
           JAMES S. MOODY, JR.
           UNITED STATES DISTRICT JUDGE

SA:sfc

Copies furnished to:
Petitioner pro se
Counsel of Record